IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Donte Henderson (20240714080), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 25 C 15187 |
| v. | ) | |
| | ) | Judge John J. Tharp, Jr. |
| Warren DeWolfe, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

    Plaintiff's application for leave to proceed *in forma pauperis* [3] is granted. The Court waives the initial partial filing fee and directs the trust fund officer at Plaintiff's place of incarceration to make monthly deductions in accordance with this order. Summons shall not issue at this time, however. Plaintiff's complaint [1] is dismissed without prejudice for failure to state a federal claim upon which relief can be granted. Failure to submit a proposed amended complaint consistent with this order by February 16, 2026, will result in dismissal of this case with prejudice for failure to state a federal claim. The Clerk is directed to send Plaintiff a copy of this order and a blank amended complaint form.

**STATEMENT**

    Plaintiff Donte Henderson, a detainee at the Cook County Jail, brings this *pro se* civil rights action under 42 U.S.C. § 1983 concerning alleged violations of his religious rights. Before the Court are Plaintiff's application for leave to proceed *in forma pauperis* and complaint for initial review.

    Plaintiff has demonstrated that he cannot prepay the filing fee, and thus, his application for leave to proceed *in forma pauperis* is granted. The Court waives the initial partial filing and orders Plaintiff to pay (and the facility having custody of him to automatically remit) to the Clerk of Court twenty percent of the money he receives for each calendar month during which he receives $10.00 or more, until the $350 filing fee is paid in full. 28 U.S.C. §§ 1915(b)(1)-(2), (4). The Court directs the trust fund officer to ensure that a copy of this order is mailed to each facility where Plaintiff is housed until the filing fee has been paid in full. All payments shall be sent to the Clerk of Court, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and should clearly identify Plaintiff's name and the case number assigned to this case.

    The Court next considers Plaintiff's complaint. Because Plaintiff is seeking redress from employees or officials of a governmental entity, the Court must screen his complaint and dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim

on which relief may be granted, or seeks monetary relief from an immune defendant. *See* 28 U.S.C. § 1915A; *Jones v. Bock,* 549 U.S. 199, 213–14 (2007); *Shaw v. Kemper*, 52 F.4th 331, 333 (7th Cir. 2022). At screening, the Court uses the standard applied to motions to dismiss and will allow a claim to proceed "only to the extent that the prisoner has pleaded facts to demonstrate that he has a plausible claim for relief." *Schillinger v. Kiley*, 954 F.3d 990, 993–94 (7th Cir. 2020). When screening a *pro se* plaintiff's complaint, courts construe the plaintiff's allegations liberally. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam). Courts also must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiff['s] favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).

Plaintiff's complaint is not particularly clear, but he apparently alleges that his religious rights have been violated because he has not received kosher meals or access to a chaplain. (*See* Pl.'s Compl., Dkt. No. 1, at pgs. 1-2.)

First, Plaintiff alleges that officers at the jail stopped giving inmates on the kosher diet milk and a snack, but it is unclear how Plaintiff contends that this violates his religious rights. (*Id.* at pg. 2.) Next, Plaintiff alleges that he filed a grievance about "them" (it is unclear to whom he is referring) opening kosher food trays, complaining that the lack of a seal rendered the meals non-kosher. (*Id.*) He alleges that in response to his complaints someone put insects in his food trays. (*Id.*) It is not clear whether Plaintiff contends that kosher meals are routinely unsealed prior to serving, by whom, or why he believes this renders the meals non-kosher.

Plaintiff next contends that the Cook County Jail "rendered the kosher breakfast and lunch tray impossible to eat" by not providing containers. (*Id.*) Plaintiff apparently means that he cannot eat the powdered milk and cereal without a container to mix them, but again, it is unclear how Plaintiff contends that this violates his religious rights.

Plaintiff states that the jail's rabbi has denied him chaplain services because of the color of his skin, and that he is called a "Hebrew Israelite" against his consent. (*Id.*) The jail's rabbi is not named as a Defendant, and there are no allegations detailing his interactions, if any, with this individual.

Plaintiff alleges that he has a right to "real food and not fake meat" because he is not a vegetarian. (*Id.*) It is unclear if he is contending that he is exclusively served vegetarian meals, and if so, how he contends this interferes with his religious practice. (*Id.*) Plaintiff also complains about the variety of the food he is served, which he alleges causes him to "burp and belch," which he contends is "taken as a form of resisting." (*Id.*)

On the first page of the complaint, Plaintiff lists a number of Defendants, including Warren DeWolfe, the director of food services at the jail, J. Mueller, who he describes as a "senior supervising official," Director Porter, a director of religious services at the jail, Superintendent Cobble, M. Lake, who Plaintiff describes as "some kind of [assistant] director" at the jail, and Sheriff Thomas Dart. (*See id.* at pg. 1.) Plaintiff does not explain in the body of the complaint how each Defendant allegedly violated his rights.

Under the First Amendment's Free Exercise Clause, inmates retain the right to practice their religious beliefs in jail. *Kaufman v. McCaughtry*, 419 F.3d 678, 681 (7th Cir. 2005). Correctional officials violate that right if they "personally and unjustifiably place[] a substantial burden" on an inmate's religious practices. *Thompson v. Holm*, 809 F.3d 376, 379 (7th Cir. 2016). A substantial burden is one that "puts substantial pressure on an adherent to modify his behavior and violate his beliefs." *Id.* (cleaned up). "A burden is unjustified if it is not reasonably related to a legitimate penological interest." *Id.* at 380.

Certain of Plaintiff's complaints, such as about the variety of food he is served, likely do not implicate the First Amendment. *See Slavin v. Tanner*, No. 20 C 1180, 2023 WL 5721184, at *6 (N.D. Ill. Sept. 5, 2023) (collecting cases and granting qualified immunity on Plaintiff's claim that his kosher diet was unduly repetitive). To the extent that Plaintiff alleges that he is not provided kosher meals, or has been denied a chaplain, that may be actionable, but Plaintiff's sketchy allegations regarding these issues, which are not linked to any particular Defendant, are insufficient to state a claim. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) ("a court need not accept as true legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements") (cleaned up); *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007) ("at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled").[1]

Similarly, Plaintiff's contention that black Jewish inmates at the jail are treated differently than white Jewish inmates and denied a chaplain may implicate the Equal Protection Clause, *Gregory v. Carter*, No. 2:22-CV-00404, 2023 WL 3043372, at *2 (S.D. Ind. Apr. 21, 2023). But Plaintiff has not alleged facts in support of such a claim or tied his allegations to a specific Defendant. In this regard, it is not enough to list Defendants without explaining in the body of the complaint how they allegedly violated Plaintiff's rights. *See Black v. Lane*, 22 F.3d 1395, 1401 n. 8 (7th Cir. 1994) (proper to dismiss complaint that "alleges no specific act or conduct on the part of the defendant") (cleaned up).

For these reasons, the Court dismisses Plaintiff's complaint on initial review for failure to state a federal claim. "Judges ordinarily should give a *pro se* plaintiff at least one opportunity to amend a complaint unless amendment would be futile." *Wade v. Barr*, 775 F. App'x 247, 248 (7th Cir. 2019) (unpublished) (citing *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015)). Accordingly, the Court grants Plaintiff the opportunity to submit an amended complaint if he believes that he can assert an actionable federal claim. Any amended complaint must comport with Federal Rule of Civil Procedure 11. Rule 11 provides that by signing a pleading, a party represents to the Court that his claims are warranted by existing law and that the factual contentions have

---

[1] The Seventh Circuit has held that when a *pro se* prisoner asserts a claim under the Free Exercise Clause, the district court should interpret that claim to include a statutory claim under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc-1. *Neely-Bey Tarik-El v. Conley*, 912 F.3d 989, 1004 (7th Cir. 2019). Should Plaintiff assert an actionable First Amendment claim in any amended complaint, the Court will consider the applicability of RLUIPA.

evidentiary support or likely will have evidentiary support after further investigation. Fed. R. Civ. P. 11(b). If this case proceeds past screening and the evidence suggests that Plaintiff's claims are baseless, or if he refuses to meet his basic obligations to litigate the case, as he did in *Henderson v. Cook County*, No. 24 C 7526, Plaintiff may be subject to sanctions including dismissal of this suit.

      If Plaintiff chooses to submit an amended complaint, it must be submitted on the Court's required form, *see* Local Rule 81.1. Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the amended complaint without reference to the original complaint. Any exhibits Plaintiff wants the Court to consider in its threshold review of the amended complaint also must be attached. Plaintiff is advised to keep a copy for his files.

Date: 1/16/2026                              /s/ John J. Tharp, Jr.
                                                                     John J. Tharp, Jr.
                                                                     United States District Judge